IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRUCE G. RICHTER

     Plaintiff,

v.                               CASE NO.:

CERTEGY PAYMENT RECOVERY
SERVICES, INC.

     Defendant(s).

_____/

## COMPLAINT FOR UNLAWFUL DEBT COLLECTION PRACTICES AND DEMAND FOR JURY TRIAL

**COMES NOW** Plaintiff, BRUCE G. RICHTER, by and through the undersigned counsel, and as the complaint against the Defendant(s) CERTEGY PAYMENT RECOVERY SERVICES, INC., and states the following:

### I.    Introduction

1.    This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et. seq. (hereafter "FDCPA") and the Florida Consumer Collection Practices Act, F.S.A. § 559.72 (hereafter "FCCPA"). These laws prevent debt collectors from *inter alia*, engaging in abusive, deceptive, and unfair collection practices.

### II.    Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692(k)(d), 28 U.S.C. § 1331, 1337.

3.    Venue lies in this District pursuant to 28 U.S.C. § 1391(d).

### III.     Parties

4.      Plaintiff BRUCE G. RICHTER, (hereafter "Plaintiff") is an individual residing at 22439 Southshore Drive, Land O'Lakes, Florida.  Plaintiff is a joint debtor in a Chapter 13 bankruptcy case styled In re George Bruce Richter and Theresa Ann Richter, Case No. 8:10-bk-24356-CED pending before the United States Bankruptcy Court for the Middle District of Florida, Tampa Division and is a "consumer' as that term is defined by the FDCPA and the FCCPA.

5.      Defendant, CERTEGY PAYMENT RECOVERY SERVICES, INC., (hereafter "Defendant") is a Georgia corporation.  The principal purpose of Defendant is the collection of debts, using the mail and telephone, and Defendant regularly attempts to collect debts alleged to be due to another.

6.      CERTEGY PAYMENT RECOVERY SERVICES, INC. is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

### IV.     Factual Allegations

7.      Sometime during November 30, 2010, Defendant began attempting to collect a debt allegedly owed by Plaintiff as a result of a two cent overdraft to Fifth Third Bank that has ballooned into a $303.58 overdraft charge and continues to increase.  See Exhibit "B".

8.      The alleged fraudulent debt was for personal and household purposes and was a consumer debt.

9.      On or about October 8, 2010, Plaintiff(s) filed a petition under Chapter 13 of Title 11 of the United States Code (hereinafter referred to as the "Bankruptcy Code").

10.     The subject debt and original creditor was listed in the Court's affixed creditor matrix.  (See Composite Exhibit "A" – Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors & Deadlines, Creditor's Matrix and certificate of notices.)

11.     All conduct alleged herein by Plaintiff was authorized, approved and/or ratified by one or more officers, directors, or managers of the Defendant.  The conduct alleged herein was a claim to enforce a debt when the Defendant had knowledge that the debt was not legitimate and/or did not exist.

12.     All conditions precedent to this action have occurred, have been satisfied or have been waived.

## Count I
## FDCPA Violation

13.     Plaintiff re-alleges and incorporates by reference paragraphs 1- 12 above.

14.     The foregoing acts and omissions of Defendant CERTEGY PAYMENT RECOVERY SERVICES, INC., by and through its agents constitutes numerous and several violations of the FDCPA, including, but not limited to 15 U.S.C. 1692d, 1692e, 1692e(5), 1692e(10), and 1692(f).

15.     As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, costs and attorney's fees.

## Count II
## FCCPA Violation  F.S. 559.72(9)

16.     Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

17.     The foregoing acts and omissions of Defendant CERTEGY PAYMENT RECOVERY SERVICES, INC. by and through its agents constitute violations of the FCCPA, including, but not limited to F.S.A. § 559.72(9).

18.     Florida Statute Section 559.72(9) provides that no person shall:

>   Claim, attempt, or threaten to enforce a debt when such person
>   knows that the debt is not legitimate or assert the existence of some
>   other legal right when such person knows that the right does not
>   exist.

19.     As a result of the above violation of the FCCPA, Defendant is liable to

Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and

costs.

**Count III**
**FCCPA Violation F.S. 559.72(7)**

20.     Plaintiff re-alleges and incorporates by reference paragraphs 1-12 above.

21.     The foregoing acts and omissions of Defendant CERTEGY PAYMENT

RECOVERY SERVICES, INC. by and through its agents constitute violations of the

FCCPA, including, but not limited to F.S.A. § 559.72(7).

22.     Florida Statute Section 559.72(7) provides that no person shall:

>   Willfully communicate with the debtor or any member of her or
>   his family with such frequency as can reasonably be expected to
>   harass the debtor or her or his family, **or willfully engage in other
>   conduct which can reasonably be expected to abuse or harass
>   the debtor or any member of her or his family;**

23.     As a result of the above violations of the FCCPA, Defendant is liable to

Plaintiff for actual damages, statutory damages, punitive damages and attorney's fees and

costs.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment

against the Defendant, CERTEGY PAYMENT RECOVERY SERVICES, INCfinding

the Defendant violated the FDCPA, the FCCPA, and awarding the Plaintiff his actual

damages, statutory damages, punitive damages, attorney's fees and costs in accordance

with 15 U.S.C. § 1692k and F.S.A. § 559.77(2), and, awarding Plaintiff any and all such

further relief as is deemed necessary or appropriate.

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  This 22 day of December, 2010.

Christie D. Arkovich, Esq.
Florida Bar #963690
Kristin A. Hersemann, Esq.
Florida Bar #73826
CHRISTIE D. ARKOVICH, P.A.
1520 W. Cleveland St.
Tampa, Florida 33606
(813)258-2808
(813)258-5911 (Facsimile)
Attorney for Plaintiff(s)